## NEWBERRY v. CENTRAL OF GEORGIA RY. CO. .

(Circuit Court of Appeals, Fifth Circuit. November 11, 1921.)

No. 3726.

**1. Removal of causes ⟨⟩118—That if made in state court it would have prevented removal not ground for refusing amendment.**

It is not ground for disallowance of an amendment to the complaint in an action removed from a state court that, if made in the state court, it would have prevented removal, where by reason of diversity of citizenship, on which ground it was removed, the action might originally have been brought in the federal court.

**2. Limitation of actions ⟨⟩127(5)—Amendment not barred by limitation as stating new cause of action.**

Where the complaint in an action for personal injury by an employee against a railroad company stated a cause of action at common law, an amendment offered after introduction of evidence showing the fact alleging that at the time of the injury defendant was engaged and plaintiff was employed in interstate commerce, thus bringing the case within the Employers' Liability Act (Comp. St. §§ 8657-8665), *held* not to state a new cause of action barred by limitation under section 6 of that act, but merely to amplify the cause of action originally stated and to relate back to the commencement of the action.

**3. Master and servant ⟨⟩288(10)—Railroad telegraph operator's assumption of risk of unsanitary office held for jury.**

Where the evidence showed that plaintiff, an employee of defendant railroad company as a station agent and telegraph operator, was sent to take charge of an isolated station with which he was unacquainted, where he arrived at night during a cold rain, that the office provided was a box car the roof of which leaked, and which was unprovided with fuel, and that as a result of his exposure during the night he suffered a serious impairment of his health, it cannot be held as matter of law that in taking up his duties as operator and assisting in the direction of trains he assumed the risk from such conditions.

In Error to the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

Action at law by M. J. Newberry against the Central of Georgia Railway Company. Judgment for defendant, and plaintiff brings error. Reversed.

For opinion below, see 271 Fed. 117.

Washington Moody of Tuskaloosa, Ala., for plaintiff in error.

R. B. Barnes and Jacob A. Walker, both of Opelika, Ala., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. The complaint of plaintiff in error alleges that on March 3, 1917, "defendant was engaged in operating a railroad in Tallapoosa county, Ala., and the plaintiff was on said date in the service or employment of the defendant as a station agent or telegraph operator at Slaughters," in the said county, and was required to work in a car, the roof of which was out of repair, in

consequence of which during a rain plaintiff in error became wet and was made sick, and his health permanently impaired. Negligence was also alleged for the failure to provide plaintiff in error with fuel. The case went to trial upon the plea of the general issue, with leave to give in evidence any special defense in accordance with the Alabama practice. The suit was brought in the state court, and removed to the federal District Court, because of diversity of citizenship. There was evidence to the effect that plaintiff in error had been employed as a telegraph operator by defendant in error for several years, and arrived at Slaughters after dark, and immediately took up his duties as telegraph operator; that the place provided for him to work was a box car; that it was raining when plaintiff in error arrived, the box car was leaking, the floor was wet, and the weather was cold; that, although there was a stove in the car, there was no fuel; that plaintiff in error was a total stranger; that he did not know whether there was any other house near by, and that he remained all night thus exposed to the rain and to the cold; that, as a result of his remaining in the box car under the conditions which existed there, he suffered very serious impairment of health. The chief train dispatcher of defendant in error testified that he had charge of the operation of trains running between Columbus, Ga., and Birmingham, Ala., known as the Columbus Division, and that the trains operated over this division were engaged in interstate commerce, and that plaintiff in error at the time he became sick from the alleged exposure was dispatching trains from Columbus to Birmingham. Thereupon plaintiff in error asked leave to file an amendment to the complaint, but did not withdraw the original complaint. The amendment set up no new facts, but only alleged that plaintiff in error and defendant in error were engaged in interstate commerce. Upon objection the court below refused to allow the amendment, and entered judgment for defendant in error upon a verdict rendered in response to a peremptory instruction.

The court based its action upon the grounds: (1) That under the complaint as amended the cause could not have been removed from the state court; (2) that the amendment set up a new cause of action, which was barred by the statute limitations of two years prescribed by the federal Employers' Liability Act (Comp. St. §§ 8657–8665); (3) and that plaintiff in error assumed the risk involved in using a leaking, wet, and cold box car as a telegraph office.

[1] 1. While it is true that, if the action had been brought in the state court, the case could not have been removed, yet plaintiff in error, because of diversity of citizenship, could have sued initially in the federal District Court. It is evident, therefore, that the court would not have lost jurisdiction of the case if the amendment had been allowed.

[2] 2. If the amendment stated a new cause of action, it was barred by section 6 of the federal Employers' Liability Act (section 8662), because the amendment was offered more than two years after the cause of action accrued. The same question was before the

Supreme Court in Seaboard Air Line Railway v. Renn, 241 U. S. 290, 36 Sup. Ct. 567, 60 L. Ed. 1006, and it was there said:

"If the amendment merely expanded or amplified what was alleged in support of the cause of action already asserted, it related back to the commencement of the action and was not affected by the intervening lapse of time. * * * But, if it introduced a new or different cause of action, it was the equivalent of a new suit, as to which the running of the limitation was not theretofore arrested."

In that case the complaint alleged:

That the defendant was operating "a line of railroad in Virginia, North Carolina, and elsewhere; that the plaintiff was in its employ; that when he was injured he was in the line of duty and was proceeding to get aboard one of the defendant's trains; and that the injury was sustained at Cochran, Va., through the defendant's negligence in permitting a part of its right of way at that place to get and remain in a dangerous condition."

It was held that the amendment did not allege a new cause of action, but merely expanded or amplified the original complaint. It was also pointed out in the cited case that the action was not based upon the laws of North Carolina, because the injury occurred in Virginia, and that the action was not based upon the laws of Virginia, because they were not pleaded; that the fact that it was alleged that the defendant operated its railroad in states other than Virginia was material only if the cause of action arose in interstate commerce, and therefore under the federal Employers' Liability Act. But these comments by the Supreme Court only go to show that it might be concluded that the railroad company was engaged in interstate commerce. However, under the terms of the act, it is inapplicable unless the employee is also "employed by such carrier in such commerce." The allegation of the complaint in the Renn Case was thus construed as stating that the railroad company was an interstate carrier, but there is no allegation that it was engaged in interstate commerce at the time of the injury. By a similar expansion or amplification of the original complaint in the instant case there is as much basis for holding that plaintiff in error, at the time of his injury, was engaged in interstate commerce, in view of the allegation that he was a telegraph operator. The testimony of the train dispatcher that plaintiff in error was engaged in assisting in directing the movement of interstate trains, was to be expected. It is doubtful if the train dispatcher of any railroad company, and the operators under him are not constantly engaged in directing the movement of passengers or freight in interstate commerce. In one case at least it has been held that courts will take judicial notice that a particular railroad company is engaged in interstate commerce. Dingman v. Railroad Co., 164 Mich. 328, 130 N. W. 24, 32 L. R. A. (N. S.) 1181. It is also stated in 15 R. C. L. 1119:

"As courts take judicial notice of the leading geographical features of the country, and as the locality of important lines of railroad, once established, become as fixed and permanent and as well known as any other geographical feature, the courts will have cognizance of the directions, runs and locations of the important railroads within their jurisdictions," etc.

It is not necessary to go that far in this case, or to approve the views just stated. In Baltimore & Ohio Railroad Co. v. Smith, 246 U. S. 653, 38 Sup. Ct. 335, 62 L. Ed. 922, the Supreme Court affirmed a decision by the Court of Appeals of Kentucky. The petition in that case is set forth in Smith v. B. & O. Railroad Co., 157 Ky. 113, 162 S. W. 564. It alleged that the defendant, a corporation under the laws of Maryland and Virginia, operated lines of railroad in those states, in Pennsylvania and elsewhere, and at the time the plaintiff was injured operated trains between the cities of Lavenia and Layton; that plaintiff was a telegraph operator at Lavenia and was injured because of a defective handhold on a car. There were no other allegations that plaintiff and defendant at the time of the injury were engaged in interstate commerce. There, as here, an amendment was offered which pleaded the federal Employers' Liability Act after an action under that act was barred by the statute of limitations. On a second appeal, reported in 169 Ky. 593,[1] it was held that the original petition sufficiently stated a cause of action under the federal Employers' Liability Act, and that the amendment to the petition did not set up a new cause of action. In Railroad Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134, the plaintiff, in her individual capacity, sued to recover for the death of her son, which occurred while he was in the employ of the defendant railroad company as a locomotive fireman upon a train bound from a station in Kansas to a station in Oklahoma. The plaintiff pleaded the laws of Kansas. Upon plea that the cause of action arose under the federal Employers' Liability Act, plaintiff amended her petition by alleging that she had been appointed administratrix. It was held that the pleading of the Kansas statute was immaterial, inasmuch as the facts stated a case under the federal act; and it was further held that the amendment, setting up the right of the plaintiff to sue in her capacity as administratrix, did not constitute a new cause of action; and the case of Union Pacific Railway Co. v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, relied upon by the court below and by defendant in error, is distinguished.

In Seaboard Airline Railway Co. v. Koennecke, 239 U. S. 352, 36 Sup. Ct. 126, 60 L. Ed. 324, suit was brought by the widow and four children, and was based upon a South Carolina statute. The evidence having shown liability under the federal Employers' Liability Act, an amendment was asked and allowed. In that case this significant statement is made:

"The cause of action arose under a different law by the amendment, but the facts constituting the tort were the same, whichever law gave them that effect," etc.

Of course, a remedy provided by the federal Employers' Liability Act is exclusive, and it is clear that the act must be given effect wherever it comes into conflict with a right of action which would otherwise exist. But in this case plaintiff in error alleged a cause of action which exists under the common law, and in the absence of any

[1] 184 S. W. 1108, L. R. A. 1918F, 1205.

statute, state or federal. If the state of Alabama had never enacted its Employers' Liability Act, and if Congress had never enacted the federal Employers' Liability Act, plaintiff in error would nevertheless have been entitled to recover. If the facts pleaded did not fall within the purview of either statute, it was a matter of no concern to him. Cases are constantly arising out of the relation between railroad employees and the railroad companies which employ them, which are not remediable under either the express statutory provisions of a state or under the act of Congress, but only at common law or under the general principles of law universally recognized and enforced. Indeed, it was suggested in the argument of this case that the box car in which plaintiff in error was at work at the time he claims to have suffered injury did not fall within section 1 of the federal Employers' Liability Act, which creates liability for any defect or insufficiency in the "cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." If that be true, it follows that it was error to hold the act of Congress applicable. We are of opinion, however, that the box car was a part of the "equipment," but that the amendment does not constitute a departure as defined in Railway Co. v. Wyler, supra, and as applied in the later cases in the Supreme Court above cited.

A plaintiff is not required to state under what law he brings his action, but is only required to plead facts which under the law—that is, any law applicable to the case—entitle him to recover. It so happens that in the case at bar the facts pleaded entitle plaintiff to recover at common law if they fail to come within the provisions of either the Alabama statute or the act of Congress. If in proof of such a case it develops that a statute authorizes a recovery upon the facts pleaded, in reason and in justice the utmost the wrongdoer is entitled to is to have the law made applicable by the statute given in charge to the jury. It would be manifestly absurd, and a contradiction in terms, to hold that a plaintiff cannot recover, because, forsooth, he has pleaded and proved a case for which the law provides he shall recover.

It is contended that it was within the discretion of the trial court either to permit or refuse the filing of an amendment to the complaint, which discretion is not reviewable unless abused. But the District Court, as shown by the judgment roll, refused to allow the amendment because in its opinion it was without jurisdiction or authority to do so. It is apparent that the court would not have disallowed the amendment if it had been of opinion that its discretion could be exercised.

[3] 3. We are of opinion that it was error to hold, as a matter of law, that plaintiff in error assumed the risk of injury to his health either by going to Slaughters or by remaining at work there in the leaky, wet, and cold box car which he used as a telegraph office. There was evidence that he went without any knowledge whatever of the condition of the box car. He had the right to assume that he would be furnished a safe place to work. Immediately upon his arrival, he proceeded to the work assigned him, as he was in duty

bound to do. The duties of a telegraph operator in directing or assisting in the direction of trains are important, and the failure to perform them may, and frequently does, result in collisions of trains and the consequent destruction of property, and injury and death. In the situation which confronted plaintiff in error it cannot be said, as a matter of law, that he should have neglected his important duties and have concerned himself instead about his own personal comfort, nor that a reasonable man would not have done as he did. Therefore the question of assumption of risk was for the jury to decide.

The judgment is reversed, and the cause remanded for a new trial.