## ADAMS et ux. v. STATE FAIR OF LOUISIANA.

(District Court, W. D. Louisiana, Shreveport Division. January 20, 1926.)

No. 1485.

1. **Limitation of actions** 127(6)—**Supplemental petition in action for wrongful death of child held not statement of new cause of action, barred by prescription (Rev. Civ. Code La. § 2315).**

Under Rev. Civ. Code La. § 2315, where original petition in parents' action for death of son alleged facts and circumstances of death and value of deceased's services before and after he would have attained his majority, and sought recovery for loss thereof, *held*, a supplemental petition, alleging that deceased's services were necessary and further stating plaintiffs' mental anguish, and praying recovery therefor, was not statement of new cause of action, then barred by prescription, but only addition of a new element of damage.

2. **Pleading** 63.

Pleader need not allege law (except foreign statute) which entitles him to relief, but must state facts.

At Law. Action by I. T. Adams and wife against the State Fair of Louisiana. On defendant's motion to strike out supplemental petition. Motion denied.

Jones, Sexton, Buck & Jones, of Fort Worth, Tex., and Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, La., for plaintiff.

Crain, Jackson & Johnston and B. F. Roberts, all of Shreveport, La., for defendant.

DAWKINS, District Judge. Plaintiffs, citizens of the state of Texas, sued the defendant, a Louisiana corporation, for the death of their minor son, alleged to have been killed through the fault of defendant, on October 21, 1923. Defendant filed exceptions of no cause of action, but, before they were decided, petitioners moved to amend, and the matter now to be decided is a motion to strike out the supplemental petition.

[1] The contention of defendant is that the amendment sets up a new cause of action, barred by prescription under the Louisiana law, which it pleads. In substance, the original petition alleged that the plaintiffs, with their said son, were visitors to the fair an-

nually conducted by the defendant, having paid the admission required for that privilege, and that through the negligence of the latter in conducting an automobile race their said son was killed; that one of the cars, because of defects in the track and the railing surrounding it, plunged through the railing and crushed out the life of the deceased; and as the basis of their right to recover they further alleged as follows:

V. "Plaintiffs state that, at the time that said decedent was killed, he was a male youth of approximately the age of 12 years, and lived with the plaintiffs upon their farm, where he engaged in labor of all kinds that is required upon a farm, and that he was a strong, able-bodied boy, and able to do a great deal of work upon such farm, which work was of great value to the plaintiffs and each of them, and that by reason of the death of their said decedent the plaintiffs and each of them have lost the services of their said decedent between the death of such decedent and the time he would have reached the age of 21 years of age, to their very great damages, in the sum of $25,000."

VI. "The plaintiffs and each of them state that, after their said decedent had reached the age of 21 years, he would have been able to earn considerable sums of money, and would have contributed from such sums a considerable proportion thereof to the maintenance and assistance of the plaintiffs and each of them throughout their life, and that the aid and assistance so received by the plaintiffs and each of them would have exceeded in value the sum of $10,000, and that by reason of the loss of such aid and assistance the plaintiffs and each of them have been damaged in the sum of $10,000."

The supplemental petition consists of two paragraphs and a prayer, as follows:

I. "That the services which it is alleged their deceased son was able to do and did perform for the plaintiffs, as set out in paragraph 5 in the original petition herein, were such services and labor as were necessary to the welfare, aid, and support of the plaintiffs, and each of them, and that said plaintiffs, and each of them, were at all times mentioned herein in need of such services, and that they will in the future continue to be in need of such services; that the plaintiffs, and each of them, will in the future need such aid and money and other support as would have been contributed to them by said decedent after he had reached the age of 21 years."

II. "That by reason of the death of plaintiffs' said son, as hereinabove alleged, they and each of them have suffered great mental

pain and anguish, and great grief because of the sudden and untimely killing of their said son, and because of the loss to the plaintiffs, and each of them, of the companionship of their said son, they and each of them have been damaged in the sum of ten thousand ($10,000.00) dollars.

"Wherefore plaintiffs pray that this supplemental and amended petition be filed, served, and allowed; that, after proceedings had, there be judgment in their favor and against the defendant as originally prayed; also for ten thousand ($10,000.00) dollars damages resulting from the pain and mental anguish and suffering endured by the plaintiffs, and each of them, as a result of the loss of their said son. They further pray for costs and such additional relief as the law, equity, and the facts developed upon the trial of the case may justify."

It is thus seen that in the original petition all the facts as to the cause of death, the relation of the decedent to plaintiffs, the fact that he was living with them, etc., were set forth; but relief was asked under the theory of the Texas law—that is, that the parents were entitled to the earnings of their child during minority and thereafter under certain conditions. However, after the argument in support of the exception of no cause of action had been submitted, plaintiffs asked to amend for the purpose of recovering under the Louisiana law, as for mental anguish, suffering, and the loss of companionship of their said son.

The right of one person to recover for the death of another arises in Louisiana from article 2315 of the Revised Civil Code, which reads as follows:

"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children or widow of the deceased or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving brothers and sisters or either of them, for the space of one year from the death; provided that should the deceased leave a widow together with minor children, the right of action shall accrue to both the widow and minor children; provided further, that the right of action shall accrue to the major children only in those cases where there [is] no surviving widow or minor child or children.

"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters as the [case] may be."

A reading of this article discloses, and it has been uniformly so interpreted by the Supreme Court of Louisiana, that the surviving beneficiary has two bases of recovery for the death of another, the one transmitted by the deceased and the other in his own right. Nothing is claimed, either in the original or amended petition, upon the first ground, but plaintiffs did allege originally the value of the services of the deceased during minority and thereafter, and in the amendment they have gone a step further and averred that they were in need of such services, to meet the doctrine laid down in Bourg v. Brownell-Drews Lumber Co., 45 So. 972, 120 La. 1009, 124 Am. St. Rep. 448. It may be noticed, however, that in this very case the Supreme Court of Louisiana, while holding that the earnings of a minor child, arising from employment outside of the family, could not be considered as an element in fixing damages to be recovered for its death by the parent, nevertheless quoted with apparent approval on page 1023 (45 So. 977) what it had said through the same member of the court in Le Blanc v. Sweet, 31 So. 766, 107 La. 355, 90 Am. St. Rep. 303, as follows:

"The daughter whom plaintiffs have lost was an active girl, full of life and spirits, and of great physical vigor, who assisted in the work which was required about their country home, and they might reasonably have expected a continuation of that assistance and of the filial and kindly offices which the deceased, as an affectionate daughter, owed to her parents. The plaintiffs are also entitled to recover the amount which the daughter was entitled to recover at the moment of her death."

Whether it was meant to make a distinction between said services, when rendered with and as a part of the family, and when hired out to others for a moneyed consideration, is not made clear; but it does appear that in the Le Blanc Case the court took into consideration the fact that the deceased child "assisted in the work which was required about their country home and they (her parents) might reasonably have expected a continuation of that assistance. * * * *" Further, in speaking of the right of the parents to recover in their own right for damages arising from mental suffering and grief, in the Bourg Case it was said:

"Appreciating the fact that the doctrine thus sanctioned should be applied with great circumspection and should not, perhaps, ex-

tend beyond cases of the character to which it has thus been already applied, we nevertheless find no sufficient reason for receding from the position so taken—that, under our law, the mental suffering and deprivation caused to a parent by the death, through negligence, of his child, is an element which may properly be considered in an action for damages against the party charged with the negligence. And we may add, in this connection, that, as such damages are not in their nature susceptible of exact measurement, it ought to be sufficient for their recovery that the jury and the court are satisfied from the evidence that the actual relations between the plaintiff in such suit and the deceased on account of whose death the suit is brought were the normal ones which should exist between parents and child or husband and wife. Graham v. Western Union Tel. Co. [34 So. 91, 109 La. 1069], supra. See, also, Warner v. Clark, 13 So. 203, 45 La. Ann. 863, 21 L. R. A. 502; Billet v. Publishing Co., 32 So. 17, 107 La. 761, 58 L. R. A. 62."

The cause of action is created by article 2315 of the Code, and, as above stated, the claim in this case, both in the original and amended petition, is founded upon the second paragraph of said article. Had the original demand merely recited the relationship, the death, and the fault of defendant by which it was occasioned, with claim for a lump sum in damages, it would not have been amenable to an exception of no cause of action. Defendant would have had the right to require a particularization of the elements of damage and the amounts claimed for each, but could not have had the suit dismissed for failure to state a cause of action. As stated in the excerpt from the opinion just quoted, while "such damages are not in their nature susceptible of exact measurement, it ought to be sufficient for their recovery that the jury and the court are satisfied from the evidence that the actual relations between the plaintiff in such suit and the deceased on account of whose death the suit is brought were the normal ones which should exist between parents and child or husband and wife." The original petition, in effect, does allege, in the first paragraph quoted above, this normal condition.

[2] In such circumstances, it occurs to me, in the light of the Louisiana law, which allows a recovery for mental suffering, that it would be just as plausible to say that plaintiff had not stated a cause of action, where he had charged the cutting off of his right arm through the negligence of the defendant, without alleging his physical impairment and pain, as it would be to contend that the parent had not stated a cause for relief by alleging the tortious killing of his minor child by another. As has been frequently stated, the pleader does not have to allege the law which entitles him to relief, except in cases where he relies upon foreign statutes, but must state the facts, and the courts may grant the relief which the law awards under such conditions. If, as held in the case of Dingman v. Railroad Co., 130 N. W. 24, 164 Mich. 328, 32 L. R. A. (N. S.) 1181, cited with approval in the case of Newberry v. Central of Georgia Ry. Co. (C. C. A.) 276 F. 337, the courts may take cognizance of well-known facts, such as the location of trunk line railroads, for the purpose of determining whether or not they are engaged in interstate commerce, it would seem that they might, with greater reason, take note of the grief and suffering of a parent, especially of a mother, over the loss of a promising child of the age of 12 years.

In the case last referred to (Newberry v. Railway Co., 276 F. 337) the Circuit Court of Appeals for this circuit had under consideration the question of whether or not, where the plaintiff had sued for personal injuries, according to general principles governing the relation of master and servant, the petition could be amended by claiming relief under the federal Workmen's Compensation Law (Comp. St. §§ 8932a–8932uu), without changing the cause of action, so as to make the new pleading amenable to limitations. In disposing of the matter, that court, through Judge Bryan, said:

"A plaintiff is not required to state under what law he brings his action, but is only required to plead facts which under the law— that is, any law applicable to the case—entitle him to recover. It so happens that in the case at bar the facts pleaded entitle plaintiff to recover at common law, if they fail to come within the provisions of either the Alabama statute or the act of Congress. If in proof of such a case it develops that a statute authorizes a recovery upon the facts pleaded, in reason and in justice the utmost the wrongdoer is entitled to is to have the law made applicable by the statute given in charge to the jury. It would be manifestly absurd, and a contradiction in terms, to hold that a plaintiff cannot recover, because, forsooth, he has pleaded and proved a case for which the law provides he shall recover." 276 F. 341, and authorities there cited and reviewed.

My conclusion is that the amendment does not change the cause of action, but merely

adds an element of damages given by the law flowing from the facts alleged in the original petition. The motion to strike out is therefore denied.