338 F.2d 687
 Judith BEELER, a Minor, by Charles Beeler and Ruth Beeler,
Her Parents and Natural Guardians, and Charles
Beeler and Ruth Beeler, in Their Own
Right, Appellants,
v.
UNITED STATES of America.
 No. 14784.
 United States Court of Appeals Third Circuit.
 Argued Sept. 24, 1964.
Decided Nov. 20, 1964.
 
 1
 John M. Feeney, McArdle, Harrington, Feeney & McLaughlin, Pittsburgh, Pa., for appellants.
 
 
 2
 Leavenworth Colby, Dept of Justice, Civil Division, Washington, D.C., for appellee.
 
 
 3
 Before HASTIE and FORMAN, Circuit Judges, and KIRKPATRICK, District judge.
 
 
 4
 KIRKPATRICK, District Judge.
 
 
 5
 In this case the cause of action pleaded derives from an injury to the plaintiff, incurred when a boat in which she was a passenger was swept over a dam in the Allegheny River. The complaint charged that the accident was due to the negligent failure of the Corps of Engineers to post properly located signs warning water craft of the dam. These facts, concisely set out in the complaint, stated a cause of action of maritime tort, cognizable under the Suits in Admiralty Act (46 U.S.C. 741 et seq.). However, instead of pleading that Act, the complaint contained an averment that 'This Court has jurisdiction of this cause under the * * * Federal Torts Claim Act,'[1] was captioned as under the Federal Tort Claims Act, and ended with a demand for a jury trial. The clerk docketed the suit as 'Civil Action No. 63-345.'
 
 
 6
 The defendant moved for summary judgment, and, pending disposition of that motion, the plaintiffs moved to amend the complaint by deleting the demand for a jury trial and by substituting the Suits in Admiralty Act for the Tort Claims Act in the jurisdictional averment and the caption. Without having acted upon the motion to amend, the judge entered summary judgment of dismissal. Subsequently, he entered an order refusing the amendment. These orders are now before this court on appeal. The two-year limitation of the Suits in Admiralty Act has expired and no new suit under that Act can be begun.
 
 
 7
 It is not questioned that the Federal Tort Claims Act conferred no right of action upon the plaintiffs nor that the Suits in Admiralty Act provided their sole remedy. Had the plaintiffs' proposed amendment been allowed, the action could have proceeded on the admiralty side of the court, but the court, concluding that it was without jurisdiction, dismissed it.[2] Thus the sole question upon this appeal is whether it was error to refuse the amendment.
 
 
 8
 The defendant's position is, in effect, that the plaintiffs' failure to invoke the Suits in Admiralty Act by a reference to it in their complaint deprived the District Court of jurisdiction to entertain an otherwise well pleaded cause of maritime tort and of power to amend the complaint or transfer the cause to the admiralty docket and, further, that such transfer would have been beyond the power of the court even if the court had obtained jurisdiction of the case. These views we believe to have been also the substance of the court's reasons for its rulings. With them we cannot agree.
 
 
 9
 It is well settled that the recitation of a statute can neither deprive a court of jurisdiction nor confer jurisdiction upon it. It is the operative facts pleaded which alone can do that. 'A plaintiff is not required to state under what law he brings his action, but is only required to plead facts which under the law-- that is, any law applicable to the case-- entitle him to recover,' Newberry v. Central of Georigia Ry. Co., 5 Cir., 276 F. 337, 341. See also Adams v. States Fair, D.C., 11 F.2d 295.
 
 
 10
 Here was a complaint which accurately and succinctly stated a cause of action created by the Suits in Admiralty Act. To hold that, having set forth facts which if proved would entitle him to recover, a plaintiff in a case like the present one loses, beyond hope of redemption, the right to pursue his action because he has cited the wrong statute as the basis for it would be indeed a sterile technicality. Fortunately, however, there is a wealth of authority, including the decision of this court in Wounick v. Pittsburgh, etc., Coal Co., 283 F.2d 325, 91 A.L.R.2d 1411, recognizing such a plaintiff's right to have the error corrected by amendment and the suit transferred.
 
 
 11
 The facts in the Wounick case were that an injured seaman brought a suit at law under the Jones Act, basing the action on negligence and unseaworthiness. The District Court, holding that the statute of limitations barred the action on the law side, directed a verdict for the defendant, and later refused to open the judgment or allow a new trial. In reversing, this court said (p. 327), 'Plaintiff's only available remedy for his cause of action, which was in part grounded on a right based on the ancient maritime law, was in admirally. * * * We think that, in these circumstances, the cause should have been transferred to the admiralty side of the court, and the doctrine of laches applied.'
 
 
 12
 Cases where the complaint was erroneously brought under the Tort Claims Act, in which transfer to the admiralty side of the court was ordered, are Liberty Mutual Insurance Co. v. United States, D.C., 183 F.Supp. 944; Mings v. United States, D.C., 222 F.Supp. 996; Weiss v. United States, D.C., 168 F.Supp. 300. A case allowing transfer from the law side to the admiralty side is Modin v. Matson Nav. Co., 9 Cir., 128 F.2d 194.
 
 
 13
 The appellee, in support of its position, cites Higa v. Transocean Airlines, 9 Cir., 230 F.2d 780, but the decision in that case does not touch the point here involved, because the plaintiff, who had sued on the law side of the court in a diversity suit in which recovery could have been only in admiralty under the Death on the High Seas Act (46 U.S.C. 761), never moved to amend or transfer the case to the admiralty docket until the Court of Appeals had affirmed the lower court's dismissal of the action. He raised the question for the first time in his petition for rehearing, and the Court of Appeals denied it on the ground that allowance of the transfer, after affirmance of the judgment of dismissal, would have been enlarging the scope of the appeal. Prior to this the plaintiff had persisted in his position that he had the right to try the case at law. The court at no point intimated that power was lacking to transfer the cause to admiralty had a transfer been timely moved.
 
 
 14
 The Dixie, D.C., 30 F.Supp. 215, also relied on by the appellee, is authority only for the proposition that, in a case where the plaintiff's admiralty remedy had not been barred by the statute, the judge in his discretion could refuse the amendment and dismiss the case without prejudice to begin a new suit in admiralty-- a discretion which may have been properly exercised under the circumstances of that case. 'Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.' Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222. This is particularly true in a case like the present in which the allowance of the amendment cannot adversely affect the defendant while refusal to allow it might put an end to the plaintiffs' right to pursue their cause of action.[3]
 
 
 15
 The appellee's argument, based upon the legislative history of the 1960 amendment to the Suits in Admiralty Act, is entirely without merit. That amendment was the third section of an act, the first two sections of which authorized transfers from the Court of Claims to a District Court. The appellee argues, in effect, that the fact that transfer from law to admiralty and vice versa was not specifically provided for in the third section indicates that Congress did not intend to permit such transfers. We think the contrary conclusion is to be drawn. Prior to the adoption of the amendment, transfers from the Court of Claims to a District Court had not been permitted but transfers from the law side of the District Court to the admiralty side and vice versa had been long recognized as within the powers of the District Court.[4] It is hardly conceivable that Congress in enacting the amendment to the Suits in Admiralty Act meant to deprive plaintiffs who had misfiled their suits of an already existing right to correct the mistake. Likewise, to hold that Congress intended that the Government's consent to be sued should be conditioned upon the Act's being pleaded eo nomine and the pleading being designated 'libel' instead of 'complaint' would be to attribute to Congress an intent to give overriding effect to mere technicalities-- an intent which would be directly contrary to the whole purpose and spirit of the legislation. This this court is unwilling to do.
 
 
 16
 The judgment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.
 
 
 
 [1]
 28 U.S.C. 1346
 
 
 [2]
 It is not necessary to decide whether the court could, without any amendment, have simply treated the complaint as a libel under the Suits in Admiralty Act, transferred the case to the admiralty docket and proceeded with the suit-- a course not entirely unsupported by authority. The case has been presented by both parties upon the postulate that, in the absence of an amendment, the court had no course open but to dismiss
 
 
 [3]
 Walker v. Dravo Corp., D.C., 210 F.Supp. 386, also relied upon by the appellee, was clearly based upon a misinter-pretation of Wounick v. Pittsburgh, etc., Coal Co., supra
 
 
 [4]
 See opinion of Judge Clark in Civil v. Waterman SS Corp., 2 Cir., 217 F.2d 94, 97, citing United States ex rel. Pressprich & Son Co. v. James W. Elwell & Co., 2 Cir., 250 F. 939 (1918) and several other cases