OPINION OF THE COURT
 

 SLOVITER, Circuit Judge.
 

 ' I.
 

 Plaintiffs, who are husband and wife, brought suit on May 6, 1982 against the United States for injuries plaintiff husband received on December 3, 1979 while aboard the U.S.S. Portland, a public vessel, owned, possessed, and controlled by the United States. On that date the ship was moored at Sun Shipbuilding and Dry Dock Co. (Sun) for repairs. Robert Bovell, who apparently was a Sun employee, was injured when he fell from a ladder on the ship as it broke away from a wall. Plaintiffs claim that the accident was a result of the government’s negligence in maintaining and inspecting the ship. Plaintiffs appeal from the district court order denying, upon reconsideration, their request to vacate its judgment for the defendants on the grounds of the statute of limitations.
 

 II.
 

 On December 1, 1981, almost two years after the accident, plaintiffs filed an administrative claim with the Navy relying on the Federal Tort Claims Act, 28 U.S.C. § 2671
 
 et seq.
 
 (FTCA). The Navy denied this claim on December 21, 1981,
 
 [1]
 
 and, pursuant to the procedures specified by the FTCA, plaintiffs filed a claim in federal district court on May 6, 1982. The government moved to dismiss, contending that the claim could not be brought under the FTCA but ■instead was governed by the Public Vessel Act, 46 U.S.C. §§ 781
 
 et seq.
 
 (PVA), which contains a two-year statute of limitations.
 

 The trial court treated the motion as one for summary judgment, which it granted. The court held that the PVA applied because the ship was on navigable waters when the accident occurred and that the statute of limitations thus barred the claim. Plaintiffs filed a motion for reconsideration, arguing that the statute of limitations should have been tolled while they were seeking an administrative remedy. The court held that the limitations period was jurisdictional and thus could not be tolled by the plaintiffs’ mistaken belief that the FTCA applied.
 

 III. .
 

 The Public Vessel Act, which allows suits against the United States for injuries caused by its public vessels, incorporates the two year statute of limitations of the Suits in Admiralty Act, 46 U.S.C. §§ 741
 
 et seq.
 
 (SAA). As the district court observed, the PVA and the SAA are both exclusive remedies.
 
 See United States v. United Continental Tuna Corp.,
 
 425 U.S. 164, 177-81, 96 S.Ct. 1319, 1327-29, 47 L.Ed.2d 653 (1976);
 
 Williams v. United States,
 
 711 F.2d 893, 897 (9th Cir.1983);
 
 Kelly v. United States,
 
 531 F.2d 1144, 1149 (2d Cir.1976). Plaintiffs have abandoned the argument they made in the district court that the two year statute of limitations is not applicable. Instead they contend only that the statute should have been tolled.
 

 Plaintiffs proffer two bases as justifying tolling: first, their filing of an administrative claim under the FTCA within two years of the accident, and second, the “appropriate circumstances” exception. The Supreme Court has construed the SAA statute of limitations, 46 U.S.C. § 745, as a jurisdictional prerequisite to the waiver of sovereign immunity contained in the SAA.
 
 McMahon v. United States,
 
 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951).
 
 See also T.J. Falgout Boats, Inc. v. United States,
 
 508 F.2d 855, 858 (9th Cir.1974),
 
 cert. denied,
 
 421 U.S. 1000, 95 S.Ct. 2398, 44 L.Ed.2d 667 (1975). In
 
 McMahon,
 
 the Supreme Court explicitly ruled that the
 
 *757
 
 statute starts running from the date of injury, not from the date of denial of the plaintiffs claim by an administrative agency. Thereafter, it has generally been agreed that the statute of limitations in maritime actions is not tolled pending resolution of administrative claims erroneously filed pursuant to the FTCA.
 
 Williams v. United States,
 
 711 F.2d at 898-99;
 
 T.J. Falgout Boats, Inc. v. United States,
 
 508 F.2d at 858;
 
 Roberts v. United States,
 
 498 F.2d 520, 526 (9th Cir.),
 
 cert. denied,
 
 419 U.S. 1070, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974).
 

 We find inapposite
 
 Northern Metal Co. v. United States,
 
 350 F.2d 833 (3d Cir.1965), on which plaintiffs rely. In
 
 Northern Metal,
 
 we held that when the government imposed claims dispute procedures on a contractor, SAA’s the two-year limitations period would be tolled pending completion of the administrative procedures.
 
 Id.
 
 at 838-39. Here, however, no statute, regulation, or contract required plaintiff to file an administrative claim or resort to an administrative procedure as a prerequisite to bringing suit. Thus, we agree with the district court there is no basis to toll the statute for the filing of such a claim.
 

 Plaintiffs argue that even if they are not entitled to tolling as a matter of law, the statute of limitations should be tolled for them in this case. However, the latitude which has allowed tolling of statutes of limitations under certain other statutory schemes,
 
 see, e.g., American Pipe & Construction Co. v. Utah,
 
 414 U.S. 538, 552-63, 94 S.Ct 765, 765-66, 38 L.Ed.2d 713 (1974) (Clayton Act);
 
 Burnett v. New York Central Railroad Co.,
 
 380 U.S. 424, 434-35, 85 S.Ct. 1050, 1057-58, 13 L.Ed.2d 941 (1965) (Federal Employers’ Liability Act), is usually not applied to statutes waiving sovereign immunity.
 
 See, e.g., United States v. Kubrick,
 
 444 U.S. 111, 117-18, 100 S.Ct. 352, 356-57, 62 L.Ed.2d 259 (1979) (FTCA);
 
 Deakyne v. Department of Army Corps of Engineers,
 
 701 F.2d 271, 274 n. 4 (3d Cir.1983) (Quiet Title Act).
 

 
 *748
 
 I understand and know what I am doing. No promises or threats have been made to me and no pressure or coersion of any kind has been used against me.
 

 
 *757
 
 Even if we were to agree with the Fifth Circuit that section 745 could be tolled in “appropriate circumstances,”
 
 see McCormick v. United States,
 
 680 F.2d 345, 351 (5th Cir.1982), we do not believe this case presents such a situation. In the only tort action cited in which the SAA statute was tolled, plaintiff had been taken as a prisoner of war shortly after receiving his injuries, and thus was truly incapable of filing his claim during his internment.
 
 Osbourne v. United States,
 
 164 F.2d 767 (2d Cir.1947).
 

 Plaintiffs’ only basis for contending that their case demonstrates “appropriate circumstances” is their alleged reliance on the Fifth Circuit’s first decision in
 
 McCormick,
 
 645 F.2d 299 (5th Cir.1981), subsequently vacated in 680 F.2d 345, which had permit-ted suit such as this to be brought under the FTCA. We do not regard this reliance as a sufficient basis for tolling. The first
 
 McCormick
 
 decision conflicted with those of the other circuits, and with the rule of the Supreme Court in
 
 McMahon v. United States, supra,
 
 that a plaintiff cannot delay the running of section 745 by filing an administrative claim,
 

 For the foregoing reasons, we will affirm the judgment of the district court,
 

 [1]
 

 . Although the Bovells’ brief seems to claim that this denial occurred on May 6, 1982 (Brief for Appellants at 5), they argued below that the denial occurred on December 21, 1981. The trial judge accepted this date. (App. at 58a n. 2).