**BOROUGH OF MARCUS HOOK**

v.

**MARINE INVESTORS, INC.**

v.

**UNITED STATES of America.**

**Civ. A. No. 87–1022.**

United States District Court,
E.D. Pennsylvania.

Oct. 26, 1987.

James F. Proud, Gibbons, Buckley, Smith, Palmer & Proud, P.C., Media, Pa., for plaintiff.

Rocco P. Imperatrice, III, Cramp, D'Iorio, McConchie & Forbes, Media, Pa., for defendant/third-party plaintiff.

Steven J. Engelmyer, Asst. U.S. Atty., Philadelphia, Pa., for third-party defendant.

**MEMORANDUM/ORDER**

LUDWIG, District Judge.

The United States moves to dismiss Marine Investors, Inc's third-party complaint as time-barred.

This action involves a dispute over the ownership of a .25 acre plot of land in Marcus Hook, Pennsylvania. On September 2, 1986 plaintiff, Borough of Marcus Hook, brought an action in ejectment against Marine Investors, Inc. in the Delaware County Court of Common Pleas. Subsequently, Marine Investors joined the United States as a third-party defendant and filed a petition for removal, alleging federal jurisdiction pursuant to the Quiet Title Act, 28 U.S.C.A. § 2409a (West Supp. 1987).

Congress intended the Quiet Title Act "to provide the exclusive means by which adverse claimants [can] challenge the United States' title to real property." *Block v. North Dakota*, 461 U.S. 273, 286, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983). *See also United States v. Mottaz*, 476 U.S. 834, 846, 106 S.Ct. 2224, 2232, 90 L.Ed.2d 841 (1986).[1] The Act "is a waiver of sovereign immunity by the United States." *Fulcher v. United States*, 696 F.2d 1073, 1076 (4th Cir.1982). *See also Block*, 461 U.S. at 287, 103 S.Ct. at 1820.

"Timely commencement of an action to quiet title against the United States is a jurisdictional prerequisite." *McIntyre v. United States*, 789 F.2d 1408, 1411 (9th Cir.1986). *See also Deakyne v. Depart-*

---

**1.** Federal courts have exclusive jurisdiction to hear claims under the Act. 28 U.S.C.A. § 1346(f). *See McClellan v. Kimball*, 623 F.2d 83, 86 (9th Cir.1980).

*ment of Army Corps of Engineers*, 701 F.2d 271, 274 n. 4 (3d Cir.), *cert. denied*, 464 U.S. 818, 104 S.Ct. 78, 78 L.Ed.2d 89 (1983). Section 2409a(g) provides that "[a]ny civil action under this section ... shall be barred unless it is commenced within twelve years of the date upon which it accrued." 28 U.S.C.A. § 2409a(g) (West Supp.1987). The statute of limitations begins to run "on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." *Id.* Section 2409a(g) "does not require that the plaintiff have knowledge of the full contours of the government's claim before the action accrues. All that is necessary is a reasonable awareness that the government claims some interest adverse to the plaintiff." *Vincent Murphy Chevrolet Company, Inc. v. United States*, 561 F.Supp. 1233 (D.Colo.1983), *aff'd*, 766 F.2d 449 (1985).[2] Congress meant § 2409a to apply retroactively. *Block*, 461 U.S. at 286 n. 23, 103 S.Ct. at 1819 n. 23.

Marine Investors concedes that its predecessors in interest, William and Alice Moran, had actual knowledge of the United States' claim as early as 1972. In June 1972, the Morans sought an injunction to prevent the Philadelphia District of the United States Corps of Army Engineers from opening bids to lease the tract. In July 1972, the parties stipulated to the dismissal of this action. Marine Investors contends, however, that by stipulating to the dismissal, the United States withdrew its claim to the property and did not reassert it until 1978. Consequently, Marine Investors asserts, the 12–year limitations period should have been tolled from 1972 to 1978.

■ Conditions imposed on waivers of sovereign immunity, including statutes of limitations, "are to be strictly construed." *Deakyne*, 701 F.2d at 274 n. 4. In *Block*, the Court observed:

When waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity. Accordingly, although we should not construe such a time-bar provision unduly restrictively, we must be careful not to interpret it in a manner that would "extend the waiver beyond that which Congress intended."

*Block*, 461 U.S. at 273, 103 S.Ct. at 1820 (citing *United States v. Kubrick*, 444 U.S. 111, 117–118, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979)). Accordingly, our Circuit has observed that "[t]he latitude which has allowed tolling of statutes of limitations under certain other statutory schemes, is usually not applied to statutes waiving sovereign immunity." *Bovell v. United States, Department of Defense*, 735 F.2d 755, 757 (3d Cir.1984) (citations omitted) (Suits in Admiralty Act). *See also McIntyre*, 789 F.2d at 1411 (Quiet Title Act); *Kreiger v. United States*, 539 F.2d 317, 321–22 (3d Cir.1976) (Internal Revenue Code).

■ Assuming the Quiet Title Act time-bar to be tollable in "appropriate circumstances," *see McCormick v. United States*, 680 F.2d 345, 351 (5th Cir.1982) (Suits in Admiralty Act), the facts presented here are inapt. *See Bovell*, 735 F.2d at 757. Marine Investors proffered no evidence to support its contention that by signing the stipulation to dismiss the 1972 action, the United States relinquished its interest in the land. Moreover, Marine Investors failed to establish that the delay in filing this quiet title action was the result of the United States' actions. *See Kreiger*, 539 F.2d at 322. Accordingly, Marine Investors' third-party complaint is time-barred and, therefore, must be dismissed.

Dismissal of the Quiet Title Act claim eliminates the source of federal subject matter jurisdiction in this case. As an exercise of discretion, the action is remanded to the Court of Common Pleas of Delaware County for the disposition of the non-federal claims. *See* 28 U.S.C. § 1447(c). *See*

---

**2.** The United States asserts several interests in the property: Mineral rights; use restrictions; reverter; and, right of re-entry. Notably, "[w]hether the interest claimed amounts to legal

title in the United States is irrelevant if it constitutes a cloud on the plaintiff's title." *Knapp v. United States*, 636 F.2d 279, 282 (10th Cir.1980).

*also Tucker v. Whitaker Travel, Ltd.*, 620 F.Supp. 578, 587 (E.D.Pa.1985), *aff'd*, 800 F.2d 1140 (3d Cir.), *cert. denied*, — U.S. ——, 107 S.Ct. 578, 93 L.Ed.2d 581 (1986); *Washington Petroleum & Supply Co. v. Girard Bank*, 629 F.Supp. 1224, 1231 (M.D. Pa.1983).