711 F.2d 893
 Carol WILLIAMS, individually and as the Executrix of the
Estate of Richard Lake Williams, and as Parent and
Natural Guardian of Stacy Lynn Williams,
Plaintiffs-Appellants,
v.
The UNITED STATES of America Federal Aviation
Administration, Defendant- Appellee,
and
Ray Heady; Arbis D. Shipley; Aircraft Associates; and
Trans-National Airlines, Defendants.
 No. 82-4123.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 12, 1983.
Decided July 27, 1983.
 
 Warren A. Schneider, Dept. of Justice, San Francisco, Cal., for defendant-appellee.
 Mark Smith, Lubbock, Tex., for plaintiffs-appellants.
 Appeal from the United States District Court for the District of Hawaii.
 Before TANG and ALARCON, Circuit Judges, and KENYON*, District Judge.
 TANG, Circuit Judge:
 
 
 1
 Richard Williams was the co-pilot of a DC-3 which was lost and presumed crashed on July 20, 1979, while on a flight from California to Hawaii. Neither the plane nor the crew were ever recovered.
 
 
 2
 Williams' wife filed a claim with the Federal Aviation Administration (FAA) under the Federal Tort Claims Act (FTCA) on June 2, 1980. She alleged that the Honolulu FAA failed to notify the Coast Guard that the DC-3 was overdue until 2 1/2 hours after the estimated time of arrival. She also alleged possible negligent inspection by the California FAA. The claim was denied in a FAA letter dated March 11, 1981. The letter advised claimant that any suit filed under the FTCA had to be initiated not later than six months after the mailing date of that letter.
 
 
 3
 Williams filed suit on July 13, 1981, against, inter alia, "The United States of America Federal Aviation Administration." The complaint stated that jurisdiction was based on the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, or, in the alternative, on the Suits in Admiralty Act (SAA), 46 U.S.C. § 741 et seq. If the Federal Tort Claims Act were the applicable base of jurisdiction, then Williams' claim expired under the limitations statute on September 11, 1981, six months after the FAA's March 11, 1981 letter which denied her administrative claim. See 28 U.S.C. § 2401(b). On the other hand, if the Suits in Admiralty Act provided the applicable base of jurisdiction, then Williams' claim expired on July 20, 1981, two years after the loss of her husband in the plane crash. See 46 U.S.C. § 745. Service was apparently completed on the U.S. Attorney on July 21, 1981, and on the U.S. Attorney General on July 25, 1981.[1]
 
 
 4
 The district court granted defendant's FAA's motion to dismiss. The court held that: (1) jurisdiction existed solely under the Suits in Admiralty Act (SAA); (2) the United States, not the FAA, was the proper party defendant under the SAA; and (3) suit against the United States was now time-barred by the SAA's two-year statute of limitations. The court also denied plaintiff's motion to amend, which sought to name the United States as a party defendant. The court reasoned that an amendment naming the United States as a party could not relate back under Fed.R.Civ.P. 15(c), because the United States did not receive notice of the suit "within the period provided by law for commencing the action."
 
 
 5
 We affirm.
 
 I. Jurisdiction
 
 6
 Williams alleged in her complaint that the action against the "United States of America Federal Aviation Administration" was based upon the FTCA or, alternatively, the SAA. The district court ruled that the SAA provided the exclusive basis for jurisdiction.
 
 
 7
 Suits against the sovereign require pleading a statute whereby the United States consents to be sued. United States v. Clarke, 33 (8 Pet.) U.S. 436, 443, 8 L.Ed. 1001 (1900). Although the FTCA usually provides that waiver in tort actions, the FTCA is inapplicable where an admiralty claim exists. 28 U.S.C. § 2680(d). Admiralty claims against the United States are cognizable solely under two statutes, the Suits in Admiralty Act (SAA), 46 U.S.C. §§ 741-52 and the Public Vessels Act (PVA), 46 U.S.C. §§ 781-90.
 
 
 8
 The question is whether Williams has an admiralty claim under the SAA; however, the SAA in itself does not provide the answer. That Act only operates to waive sovereign immunity where an admiralty claim exists against the United States. In turn, the source of an admiralty claim is either: (1) maritime common law,[2] or (2) statute (e.g., Death on the High Seas Act (DOHSA), 46 U.S.C. §§ 761-67). See Roberts v. United States, 498 F.2d 520, 525-26 (9th Cir.), cert. denied, 419 U.S. 1070, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974).
 
 
 9
 Focusing first on the admiralty claim under maritime common law, Executive Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972) provides the starting point in an attempt to define a maritime tort in the context of aviation. Executive Jet reserved the question whether, absent legislation, air traffic controller negligence in the course of a transoceanic flight constitutes a maritime tort. Id. at 271, 93 S.Ct. at 505. The district court below correctly found that this question was subsequently answered in the affirmative in Roberts v. United States, supra.
 
 
 10
 In Roberts a private cargo plane, en route from Los Angeles to Viet Nam, crashed in navigable waters as it approached an air base in Okinawa. The widow and children of the plane's navigator sued the United States, charging that U.S. Air Force personnel negligently directed the landing and the subsequent rescue operations. The plaintiff made three claims: one under the FTCA, a maritime wrongful death claim under general admiralty jurisdiction, and a third claim under the Death on the High Seas Act (DOHSA). We found in Roberts that the SAA, not the FTCA, provided the requisite waiver of sovereign immunity. That determination rested on a finding that the alleged negligence of the U.S. Air Force personnel constituted a maritime common law tort.[3]
 
 
 11
 In reaching that result in Roberts, we followed the two-part test set forth in Executive Jet in defining a maritime tort. That test requires a showing that: (1) the alleged wrong occurred on or over navigable waters, and (2) the wrong bears a significant relationship to traditional maritime activity. Executive Jet, supra, 409 U.S. at 268, 93 S.Ct. at 504. Our analysis again focuses on these requirements.
 
 
 12
 The first requirement is clearly established since the alleged negligence "took effect" when Williams' plane crashed in the navigable waters of the Pacific. See generally Executive Jet, supra, at 266-68, 93 S.Ct. at 503-04; Oppen v. Aetna Ins. Co., 485 F.2d 252, 256 (9th Cir.1973). The second requirement bears closer scrutiny. In Roberts we stated:
 
 
 13
 Geographic realities ... do not make the cargo plane's contact with navigable waters entirely "fortuitous." More significantly, the transoceanic transportation of cargo is an activity which is readily analogized with "traditional maritime activity." Indeed, before the advent of aviation, such shipping could only be performed by waterborne vessels. We therefore do not interpret Executive Jet, supra, as precluding a maritime action on the facts of this case.
 
 
 14
 Roberts, supra, at 524. We find that reasoning equally applicable here. Transoceanic air travel fulfills a function which was traditionally performed by waterborne vessels. Williams' DC-3 did not "fortuitously" contact the waters of the Pacific. In traveling from California to Hawaii, Williams was traversing more than 2000 miles of waters. Losses occurring on these distant seas involving waterborne vessels have historically been within the province of admiralty law. See 1 Benedict on Admiralty § 141 (6th ed. 1981). Transoceanic air travel should also fall within this province.
 
 
 15
 An examination of Williams' complaint lends further support to our result. Williams alleged that the United States FAA was negligent in its inspection of the aircraft, in conveying information to the aircraft, in the unilateral amendment of estimated time of arrival, and in the failure to declare an emergency, initiate a search or notify the Coast Guard in a timely fashion. These allegations bear directly on the nature of Williams' transoceanic flight.
 
 
 16
 Nor can it be persuasively argued that admiralty law is unfamiliar with or has no bearing on the operation of aircraft. The Supreme Court has expressly sanctioned aviation wrongful death cases under the DOHSA, where the death of a person is caused by a wrongful act occurring on the high seas beyond a marine league from our shores. Executive Jet, supra, 409 U.S. at 263-64, 271 n. 20, 93 S.Ct. at 502, 506 n. 20; see e.g., Stoddard v. Ling-Temco-Vought, Inc., 513 F.Supp. 314, 318 (C.D.Cal.1980), appeal pending, Ashland v. United States, Nos. 81-5163/et al. That developing body of law is directly applicable in cases such as this. Indeed, it would seem that a DOHSA claim against the government would have been proper herein.[4] In any event, we hold that Williams had an aviation wrongful death claim against the United States arising under the general maritime law.
 
 
 17
 Appellant Williams then argues that the FTCA should provide an alternative jurisdictional base since a claim was made under the DOHSA, and the DOHSA provides the vehicle for the claim once the FTCA waives sovereign immunity. Essentially, appellant argues that while the FTCA and the SAA may be mutually exclusive jurisdictional bases, the FTCA and the DOHSA are not. Appellant misperceives the interrelationship of these statutes.
 
 
 18
 At the outset, we note that Williams only pleaded jurisdiction based on the DOHSA as to non-governmental defendants. Assuming that Williams amended her complaint with regard to the government,[5] her theory still fails. Cases cited by appellant were decided prior to the 1960 amendment to the Suits in Admiralty Act.[6] Prior to that amendment, not all maritime actions against the United States were within the scope of the two federal admiralty statutes. See United States v. United Continental Tuna Corp., 425 U.S. 164, 172, 96 S.Ct. 1319, 1324, 47 L.Ed.2d 653 (1976). Maritime claims against the United States, beyond the reach of the SAA or the PVA, were then brought under the FTCA. Id. Following the 1960 SAA amendment, however, waiver of sovereign immunity for SAA-type cases required that the SAA, not the FTCA, be pleaded. Roberts v. United States, supra, at 525-26. The DOHSA created a claim for wrongful maritime death.[7] Thus, a DOHSA suit against the United States mandates a pleading of the SAA, not the FTCA. See Roberts, supra, at 525 n. 8. Williams alleged jurisdiction alternatively on the FTCA or the SAA. The SAA exclusively controls the action herein.
 
 II. Proper Party Defendant
 
 19
 Under the Suits in Admiralty Act actions may be commenced against the United States, but not against a United States agency. See 46 U.S.C. § 745. The district court found that appellant Williams sued an agency, the Federal Aviation Administration, and not the United States. Appellant contends that the United States was a named party defendant, relying on three approaches: (1) the words "The United States of America" stand alone on several lines and therefore should be read apart from the ensuing FAA phrase; (2) this Court could insert punctuation between "The United States of America" and "Federal Aviation Administration"; or (3) this Court could strike "Federal Aviation Administration" as surplusage.
 
 
 20
 We find no merit in appellant's argument. A consideration of the complaint in its entirety leaves but one conclusion--appellant sued the FAA agency, not the United States. The caption and body of the complaint consistently refer to "The United States of America Federal Aviation Administration." Further, defendant is referred to as an "agency of the government of the United States" who may be served with process by serving the U.S. Attorney General.
 
 
 21
 In reaching this conclusion, we are mindful of Fed.R.Civ.P. 8(f), which requires pleadings to be construed "to do substantial justice." We also adhere to the principle that pleadings "should not raise barriers" in arriving at fair and just settlements of controversies. Maty v. Grasselli Chem. Co., 303 U.S. 197, 200, 58 S.Ct. 507, 509, 82 L.Ed. 745 (1938). Nonetheless, we cannot resurrect appellant's case when, on hindsight, it is discovered that the wrong defendant was named in the original complaint.
 
 III. Relation Back Under Fed.R.Civ.P. 15(c)
 
 22
 Suit under the SAA was time barred on July 20, 1981, two years after the July 20, 1979, accident. See 46 U.S.C. § 745. Williams filed suit July 13, 1981, seven days before the statute of limitations ran. Service was not completed on the U.S. Attorney and the U.S. Attorney General until July 21 and July 25, respectively. Service was thus completed only days after the time clock expired.
 
 
 23
 Upon the FAA's motion to dismiss for lack of jurisdiction, Williams moved to amend and name the United States as a defendant. The district court denied the motion since the amendment could not relate back under Fed.R.Civ.P. 15(c). We agree. A party being brought in by amendment under Fed.R.Civ.P. 15(c) must have received notice of the institution of suit "within the period provided by law for commencing the action against him." Notice of suit need not be formal. See Fed.R.Civ.P. 15(c) Advisory Comm. Notes.
 
 
 24
 In the instant case, the cut-off point for suit was July 20, 1981. Formal notice by service did not occur until after that date.[8] Neither is there any support in the record for a finding of informal notice prior to July 20. It is true that appellant had filed an FTCA administrative claim on June 2, 1980, with a governmental agency, the FAA. However, we will not impute the knowledge of a government agency to the U.S. Attorney or the U.S. Attorney General. See Barrie v. United States, 615 F.2d 829, 830 (9th Cir.1980).
 
 IV. Tolling the Statute of Limitations
 
 25
 Appellant argues that the statute of limitations should not have begun to run until appellant knew or should have known of the alleged negligence of the United States. Specifically, appellant charges that the FAA unilaterally amended the DC-3's flight plan by changing the estimated time of arrival. Appellant claims that this information was withheld until August, 1980, and therefore the limitations period should not run until that point.
 
 
 26
 The facts do not support appellant's argument. Even assuming that the flight plan information was withheld, appellant had sufficient information to file suit prior to August, 1980. In fact, her administrative claim was filed June 2, 1980, two months prior to the release of the flight plan. Any later-acquired information might have bolstered Williams' original claim, but it did not create a new claim. In any event, from a standpoint of certainty the limitations period should be computed from the date of injury. See McMahon v. United States, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 268 (1951).
 
 
 27
 Nor is this case well-suited for equitable tolling whereby a statute of limitations is tolled during the pendency of ongoing administrative procedures.[9] See, e.g., McCormick v. United States, 680 F.2d 345 (5th Cir.1982); Mt. Hood Stages, Inc. v. Greyhound Corp., 616 F.2d 394 (9th Cir.), cert. denied, 449 U.S. 831, 101 S.Ct. 99, 66 L.Ed.2d 36 (1980). Under this theory, the running of the limitations period would be suspended during the time that Williams' FTCA claim was pending before the FAA. This is not a situation, though, where the pending administrative proceeding is related to the suit at bar. See Mt. Hood Stages, Inc., supra, at 395-96 (antitrust statute tolled during pendency of related ICC proceedings). The FTCA and the SAA statutes have no intertwining functions. Further, Williams was not appealing under the erroneous assumption that the FTCA alone was the operable jurisdictional base. See McCormick, supra, at 346. Williams was aware of and pleaded alternative jurisdictional bases. The FTCA requires the submission of an administrative claim prior to bringing suit. 28 U.S.C. § 2675(a). The SAA does not. It was appellant's responsibility to follow the procedural requirements for both statutes. Waiver of sovereign immunity involves strict compliance with the conditions by which the United States may be sued. McMahon, supra, 342 U.S. at 27, 72 S.Ct. at 19; Mayer v. Wright, 251 F.2d 178, 179 (9th Cir.1958). It is true that, in denying the FTCA claim, the FAA did not apprise appellant that suit might not lie against the FAA under the FTCA. Supplying that information was not the duty of the FAA, however; their role was limited to assessment of the claim. It was appellant's duty to name the proper party and timely serve process under both statutes. Appellant failed in this duty.
 
 
 28
 The judgment of dismissal is AFFIRMED.
 
 
 
 *
 Honorable David V. Kenyon, United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 The district court did not make a finding of dates of service. The July dates were set forth by the government in its brief, and were not contested by Williams on appeal
 
 
 [2]
 Prior to Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), there was no general maritime wrongful death action. Rights of recovery existed only by statute--either under state wrongful death acts if within a state's territorial waters, or under the DOHSA if beyond those territorial lines. See 2 Benedict on Admiralty § 81 (6th ed. 1982). In Nelson v. United States, 639 F.2d 469, 473 (9th Cir.1980), we extended a Moragne suit to encompass claims based on negligence. Nelson did not involve an aviation tort, however, and thus the question remains whether the aviation tort at issue falls within a general maritime wrongful death action
 
 
 [3]
 We reserved ruling on whether, in addition to a maritime common law tort, there existed a statutory claim under the DOHSA. Our hesitation to so conclude arose from the fact that the tort occurred within foreign territorial waters. It is not clear whether such tortious acts fall within the purview of the DOHSA. Roberts v. United States, 498 F.2d at 524
 We note that in T.J. Falgout Boats, Inc. v. United States, 508 F.2d 855, 857-58 (9th Cir.1974), cert. denied, 421 U.S. 1000, 95 S.Ct. 2398, 44 L.Ed.2d 667 (1975), we cited Roberts, and stated in dictum that where a case was governed by the Suits in Admiralty Act: "an action could not be maintained under either the Federal Tort Claims Act or the Death on the High Seas Act." That statement is only partially correct. Roberts does stand for the proposition that the FTCA and the SAA are mutually exclusive jurisdictional bases. Roberts, supra, at 525. Roberts did not state, however, that the DOHSA and the SAA are mutually exclusive, but only questioned the applicability of the DOHSA in that instance. The SAA operates to waive the sovereign immunity of the United States, but does not itself provide a cause of action. A cause of action must arise under maritime common law or statute. See generally Nelson v. United States, 639 F.2d 469, 473 (9th Cir.1980). The DOHSA is one statute which may provide a maritime cause of action.
 
 
 [4]
 See the ensuing discussion in the text
 
 
 [5]
 The DOHSA had a two-year statute of limitations period at the time Williams' claim arose in 1979. See 46 U.S.C. § 763, repealed Pub.L. 96-382, § 2, 94 Stat. 1525 (1980). A three-year DOHSA time bar went into effect October 6, 1980. See 46 U.S.C. § 763a. Williams still faces the two-year time bar of the SAA, however, and pleading the SAA is a prerequisite to waiver of sovereign immunity
 
 
 [6]
 Appellant cites Hess v. United States, 361 U.S. 314, 80 S.Ct. 341, 4 L.Ed.2d 305 (1960); United States v. Gavagan, 280 F.2d 319 (5th Cir.), cert. denied, 364 U.S. 933, 81 S.Ct. 379, 5 L.Ed.2d 365 (1960); Blumenthal v. United States, 189 F.Supp. 439 (Pa.1960), aff'd, 306 F.2d 16 (3d Cir.1962). But see Teachey v. United States, 363 F.Supp. 1197, 1199 (M.D.Fla.1973) (after rejecting SAA claim because no common law maritime tort existed under Executive Jet, the court noted in dictum that plaintiff could amend and proceed alternatively under the DOHSA if the crash occurred more than one marine league from shore or under the FTCA)
 
 
 [7]
 46 U.S.C. § 761 states:
 Whenever the death of a person shall be caused by wrongful act, neglect or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued.
 
 
 [8]
 We limit our holding to the notice issue under Fed.R.Civ.P. 15(c). We also note, though, that service of process is jurisdictional in nature under the SAA. That is, 46 U.S.C. § 742 provides for "forthwith" service of a copy of the libel on the U.S. District Attorney, and a registered mailing to the U.S. Attorney General. Failure to effect "forthwith service" is a jurisdictional defect. See Kenyon v. United States, 676 F.2d 1229 (9th Cir.1981); Barrie v. United States, 615 F.2d 829 (9th Cir.1980); Owens v. United States, 541 F.2d 1386 (9th Cir.1976), cert. denied, 430 U.S. 945, 97 S.Ct. 1580, 51 L.Ed.2d 792 (1977). The "forthwith service" issue is not raised herein. Nor need we decide the question whether service is effective under the SAA when it is completed within 12 days of a timely filing, but service is beyond the SAA two-year statute of limitations
 
 
 [9]
 In distinguishable factual settings, this Court has found the SAA limitations period to be jurisdictional and thus incapable of being tolled. T.J. Falgout Boats, Inc. v. United States, 508 F.2d 855, 858 (9th Cir.1974), cert. denied, 421 U.S. 1000, 95 S.Ct. 2398, 44 L.Ed.2d 667 (1975); Roberts v. United States, 498 F.2d 520, 526-27 (9th Cir.), cert. denied, 419 U.S. 1070, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974). We do not decide today whether equitable tolling is available in the proper factual setting. See McMahon v. United States, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 268 (1951); McCormick v. United States, 680 F.2d 345, 351 (5th Cir.1982)