24 F.3d 245
 1994 A.M.C. 2408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas A. BULLEN, Plaintiff-Appellant,
v.
UNITED STATES of America; International Marine Carriers,
Defendants-Appellees.
 No. 93-36123.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 16, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Bullen appeals the district court's dismissal for lack of subject matter jurisdiction of his admiralty action against the United States and others for recovery of maintenance, cure, and unearned wages arising out of his discharge from a government vessel due to a foot injury. The district court concluded that Bullen's action was barred by the two-year statute of limitations set forth in the Suits in Admiralty Act ("SAA"), 46 U.S.C. Sec. 741-52.[1] We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 This court reviews de novo the existence of subject matter jurisdiction. Reebok Int'l, Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 554 (9th Cir.1992).
 
 
 4
 Bullen contends that the district court erred by dismissing his action against the United States[2] because SAA's two-year statute of limitations did not apply to his maintenance and cure action. Alternatively, Bullen contends that if the statute of limitations applied, his action was filed within the statutory period.
 
 
 5
 A waiver of sovereign immunity is a prerequisite to any action brought against the United States. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). Congress has provided a limited waiver of sovereign immunity for admiralty claims against the United States brought under the SAA and the Clarification Act, 50 App.U.S.C. 1291.[3] Smith v. United States, 873 F.2d 218, 219 (9th Cir.1989); see Williams v. United States, 711 F.2d 893, 895 (9th Cir.1983). To qualify for the waiver, however, the plaintiff must meet the SAA's two-year statute of limitations. See 46 U.S.C. Sec. 745; Smith, 873 F.2d at 220; Williams, 711 F.2d at 897 n. 5. The SAA's statute of limitations is jurisdictional, see Smith, 873 F.2d at 221-22 (discussing Williams, 711 F.2d at 899 n. 9), and the two-year period begins to run on the date of injury, not the date on which an administrative claim is disallowed, see McMahon v. United States, 342 U.S. 25, 27 (1951); H-10 Water Taxi Co. v. United States, 379 F.2d 963, 965 (9th Cir.1967) (vessel's obligation to provide maintenance and cure arose the day seaman suffered injury).
 
 
 6
 Here, because Bullen was employed as a seaman on a vessel owned by the United States, his claim for maintenance, cure, and unearned wages from the United States was within the SAA and the Clarification Act. See Smith, 873 F.2d at 219-20. Bullen failed to meet the requirement of filing his suit against the United States within the SAA's two-year statute of limitations.[4] See id. at 220; 46 U.S.C. Sec. 745. Bullen was discharged from the United States vessel because of a foot injury on February 11, 1991, but he did not file suit against the United States until March 16, 1993, more than two years after the injury occurred.[5] See Smith, 873 F.2d at 220; McMahon, 342 U.S. at 27; H-10 Water Taxi, 379 F.2d at 965. Thus, because Bullen's suit was not timely filed, the district court lacked jurisdiction over Bullen's admiralty claims against the United States. See Smith, 873 F.2d at 221-22. Accordingly, the district court did not err by dismissing Bullen's action against the United States for lack of subject matter jurisdiction. See Reebok, 97 F.2d at 554.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The SAA's statute of limitations provides that "[s]uits ... may be brought only within two years after the cause of action arises." 46 U.S.C. Sec. 745
 
 
 [2]
 Bullen does not appeal the district court's dismissal of the other defendants
 
 
 [3]
 The Clarification Act provides in relevant part:
 Officers and members of crews (hereinafter referred to as "seamen") employed on United States ... vessels as employees of the United States through the War Shipping Administration shall, with respect to ... maintenance and cure ..., or claims arising therefrom and ... collection of wages ... have all rights, benefits, exemptions, privileges, and liabilities, under law applicable to citizens of the United States employed as seamen on privately owned and operated American vessels.... Any claim referred to ... hereof shall, if administratively disallowed in whole or in part, be enforced pursuant to the provisions of the [SAA].
 
 
 [50]
 App. U.S.C. Sec. 1291(a)
 
 
 [4]
 We do not agree with Bullen's contention that the doctrine of laches is the only limitation on maintenance and cure actions. Although the doctrine of laches has been used for maintenance and cure actions brought by seamen against private parties, see Jones v. Reagan, 748 F.2d 1331, 1335 (9th Cir.1984), cert. denied, 472 U.S. 1029 (1985); Espino v. Ocean Cargo Line, Ltd., 382 F.2d 67, 68-69 (9th Cir.1967), it does not apply where a seaman brings a maintenance and cure action against the United States because the government's waiver of sovereign immunity is restricted by the SAA's two-year statute of limitations. See Williams, 711 F.2d at 897 n. 5
 
 
 [5]
 Because Bullen's action was subject to the two-year statute of limitations which began to run on February 11, 1991, we reject Bullen's arguments that the statute of limitations did not accrue until he was fit for duty, and that despite the statute, Bullen was entitled to collect maintenance, cure, and unearned wages from June 3, 1991 until July 15, 1991, the date he became fit for duty