Lucy Anne EMANUEL, Representative of the Estate of Aurrussus Earl Emanuel, Plaintiff,

v.

The UNITED STATES of America, and U.S. Marine Management, Inc., Defendants.

No. C95–153D.

United States District Court, W.D. Washington.

Nov. 9, 1995.

George A. Thornton, Seattle, WA, Gerald W. Markham, Kodiak, AK, Lucy Anne Emanuel, Bellingham, WA, for plaintiffs.

Stephen Christopher Smith, Jodi A. McDougall, John S. Devlin, III, Lane, Powell, Spears, Lubersky, Seattle, WA, Katrina C. Pflaumer, U.S. Attorney's Office, Seattle, WA, Philip A. Berns, U.S. Department of

Justice, Trial Attorney, Torts Branch, San Francisco, CA, for defendants.

ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION TO STRIKE

DIMMICK, Chief Judge.

THIS MATTER is before the Court on the following motions

(1) Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) as to Defendant U.S. Marine Management, Inc.; and Pursuant to Fed.R.Civ.P. 12(b)(6) Statute of Limitations as to All Defendants;

(2) Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) All Claims Brought Under the Federal Tort Claims Act; and

(3) Plaintiff's Motion to Strike One of Defendants' Affirmative Defenses (that Plaintiff's damages, if any, were caused by default or negligence of third parties).

After full consideration of the briefs and affidavits filed by counsel, the Court grants the motion to dismiss defendant U.S. Marine Management, Inc., grants defendant's motion to dismiss claims brought under the Federal Tort Claims Act ("FTCA"), denies defendants' motion to dismiss based on the statute of limitation, and grants in part plaintiff's motion to strike.

## FACTS

Plaintiff Lucy Anne Emanuel ("Mrs. Emanuel"), representative of the Estate of her husband Aurrussus Earl Emanuel ("Emanuel"), brought this action for the wrongful death of her seaman husband, who died in a hospital shortly after being air lifted there from the vessel on which he was employed. Plaintiff has sued the United States government and its managing agent under admiralty law pursuant to the Suits in Admiralty Act ("SIAA"), 46 U.S.C.App. § 742; and/or the Public Vessels Act ("PVA"), 46 U.S.C.App. § 781, et seq., and the FTCA, 28 U.S.C. § 2671, et seq.

Plaintiff filed a complaint on January 27, 1995 for wrongful death and predeath suffering under all three statutes. Plaintiff also filed a separate FTCA cause of action on August 4, 1995. The filing of this latter claim was delayed in order to comply with the administrative requirements of the FTCA. This case has now been consolidated with the original case.

The parties agree that plaintiff's decedent died on October 1 or 2, 1995 in Providence Hospital, Anchorage, Alaska. The day before he died, Emanuel was diagnosed as having cryptococcal meningitis. The death certificate signed October 5, 1992, indicated that cryptococcal meningitis was the cause of death.

Defendants admit that while serving as cook aboard the USNS TRIUMPH, Emanuel had complained of a feeling of fullness in his ear and hearing problems as early as September 8, 1992. He was transferred from the vessel to Adak, Alaska on September 28, 1992, and later that day he was air lifted to Providence Hospital in Anchorage, Alaska, arriving September 29, 1992.

Plaintiff, however, emphasizes facts omitted from defendants' story. In addition to the hearing problems, Emanuel had earlier complained of pain in his left leg. By September 11, 1992, Emanuel's condition had deteriorated to the point that the ship's captain sought medical advice from George Washington University Medical Center ("GWUMC"). An initial diagnosis was that he was suffering from Bell's Palsy, which plaintiff contends is not life threatening. Communications continued from the vessel to GWUMC regarding Emanuel's condition. Medical evacuation was considered, but rejected. On September 24, 1992, GWUMC stated as follows:

His symptoms are very concerning. It is my opinion that he should be urgently medivaced to the nearest hospital for neurologic evaluation and possible head CT. Please contact us.

The vessel, however, continued its voyage, and Emanuel was not taken to the hospital until the USNS TRIUMPH docked in Adak, Alaska on September 28, 1992.

Mrs. Emanuel states that she did not know of the events preceding Emanuel's death un-

til she received a letter enclosing the ship's records on January 29, 1993. She insists that her husband's condition was treatable and death could have been prevented with earlier diagnosis and proper treatment. The complaint contends in part that Emanuel died "as a direct and proximate result of defendants' negligent failure to provide proper medical diagnosis and proper medical treatment aboard, or evacuate ... [him] to a hospital facility in time for proper hospital care...." Complaint at 4.

## MOTION TO DISMISS ONE DEFENDANT

Defendants move to dismiss U.S. Marine Management, Inc. as a defendant. The law is clear that agents for the United States are not liable when a seaman is injured on board a public vessel. *See* 46 U.S.C.App. § 781:

> Where a remedy is provided by this act, it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States or of any incorporated or unincorporated agency thereof whose act or omission gave rise to the claim.

Plaintiff does not oppose this motion; accordingly, U.S. Marine Management, Inc. is dismissed.

## DEFENDANTS' MOTION TO DISMISS FTCA CLAIMS

Defendants insist that the only jurisdictional basis for plaintiff's claim is the PVA, and that claims brought under the FTCA should be dismissed. This Court agrees.

■ The government is immune to suit unless it specifically waives immunity, and the court's jurisdiction is defined by the statute consenting to suit. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941). The PVA is the exclusive basis for jurisdiction where a public vessel is the cause of the maritime tort. *United States v. United Continental Tuna Corporation,* 425 U.S. 164, 181, 96

S.Ct. 1319, 1328–29, 47 L.Ed.2d 653 (1976). It is undisputed that the USNS TRIUMPH is a public vessel.

■ Additionally, the FTCA specifically excludes suits in admiralty:

> The provisions of this chapter and section 1346(b) of this title shall not apply to— ... (d) any claim for which a remedy is provided by sections 741–752, 781–790 of Title 46, relating to claims or suits in admiralty against the United States.

28 U.S.C. § 2680.

In opposition, plaintiff points out that Emanuel was cared for by medical personnel in the U.S. Navy Hospital at Adak, Alaska, which arguably would invoke the FTCA for any alleged negligence occurring there. Plaintiff appears to have complied with the requirements of the FTCA prior to filing suit.

As discussed later, the United States is liable for negligence (if any is proved) by its agents on the ship and in the hospitals to which Emanuel was taken. This Court thus concludes that all of plaintiff's claims fall under the PVA.

## MOTION TO DISMISS ALL CLAIMS PURSUANT TO STATUTE OF LIMITATIONS

■ Defendants seek dismissal of all plaintiff's claims premised on the two-year statute of limitations applicable to the PVA and the FTCA.[1] The issue here is when plaintiff's cause of action arose. Defendants insist it arose when Emanuel died—at the latest on October 5, 1992 when the death certificate was issued, giving the cause of death as cryptococcal meningitis. Plaintiff counters that her cause of action accrued when she discovered the misdiagnosis and failure to treat her husband.

Defendants argue that the salient facts are not in dispute, and the Court must dismiss for lack of jurisdiction. *See, e.g., Smith v.*

---

1. The PVA complies with provisions in the SIAA "insofar as the same are not inconsistent...." 46 U.S.C.App. § 782. Thus, the PVA incorporates the two-year statute of limitations of the SIAA, found at 46 U.S.C.App. § 745: "Suits as authorized by this chapter may be brought only within two years after the cause of action arises—...." The FTCA two-year limitation appears at 28 U.S.C. § 2401(b).

*United States,* 873 F.2d 218 (9th Cir.1989). Defendants cite to a number of cases in admiralty (PVA or SIAA) in which death was the triggering event. *See, e.g., id.; Williams v. United States,* 711 F.2d 893 (9th Cir.1983); *Roberts v. United States,* 498 F.2d 520 (9th Cir.1974). These cases demonstrate the problems inherent in determining the applicable basis for jurisdiction, but none of them is dispositive on the issue here.

In *Smith,* a seaman died from mesothelioma, allegedly caused by exposure to asbestos a number of years before. The claim under SIAA was disallowed on statute of limitations grounds, but there was no issue raised as to misdiagnosis or failure to discover the cause of death.

Similarly, in *Roberts,* plaintiffs' wrongful death claim for an aviation accident was extinguished. The Court would not permit amendment of the complaint originally brought under the FTCA to state a SIAA claim and relate back, because the original complaint had not been filed within the necessary two-year period. There was no issue as to discovery of the cause of death.

In *Williams,* plaintiff's claim was also dismissed for failure to comply with the two-year statute of limitation proscribed in SIAA. Plaintiff did, however, argue that the limitations period should not have begun to run until discovery of all the negligent acts which caused the death. In rejecting this argument, the Ninth Circuit relied on the fact that plaintiff already had sufficient facts to file a claim and had done so.

In opposing dismissal, Mrs. Emanuel argues that the cause of action accrued with the discovery of the misdiagnosis and the ship's failure to get adequate treatment for Emanuel's infection. Although Emanuel's death was caused by a viral infection (a natural cause of death), plaintiff's injury and its cause were not known until discovery of the negligent treatment and misdiagnosis.

Both sides cite to FTCA cases discussing the point at which a cause of action arises. In a wrongful death action brought against the Department of Interior under the FTCA, the court held that the two-year statute had run. *Dyniewicz v. United States,* 742 F.2d 484 (9th Cir.1984). Plaintiffs, representatives of the estate and the minor children of two persons whose car was swept off the highway in a flood, had sued the State of Hawaii for failure to close the highway. Plaintiffs argued that the later discovery of the involvement of the United States Park Service ranger should have extended the period of limitation. The court disagreed and distinguished a tort action for the highway deaths from one involving a *hidden injury.*

In certain cases, usually involving medical malpractice or hidden injuries, the claim does not accrue until the plaintiff knows or in the exercise of reasonable diligence should know of both the injury and its cause. Discovery of the cause of one's injury, however, does not mean knowing who is responsible for it. The "cause" is known when the immediate physical cause of the injury is discovered.

*Id.* at 486 (citations omitted). The *Dyniewicz* court quoted from an earlier Ninth Circuit opinion:

With knowledge of the fact of injury and its cause, the malpractice plaintiff is on the same footing as any negligence plaintiff. The burden is then on plaintiff to ascertain the existence and source of fault within the statutory period. It follows that diligence or lack of diligence in these efforts is irrelevant.

*Davis v. United States,* 642 F.2d 328, 331 (9th Cir.1981), *cert. denied,* 455 U.S. 919, 102 S.Ct. 1273, 71 L.Ed.2d 459 (1982).

In another FTCA case brought against the United States for a misdiagnosis by the Veterans Administration, the Ninth Circuit dismissed the case on statute of limitation grounds. *Outman v. United States,* 890 F.2d 1050 (9th Cir.1989). There the issue was when plaintiff knew the cause of his injury—his injury being the administration of an antipsychotic drug which caused him to suffer neurological damage (tardive dyskinesia). The plaintiff had filed for administrative relief for the neurological damage as early as 1977. In 1982, a specialist told plaintiff he had been misdiagnosed as having schizophrenia and thus had been improperly administered the antipsychotic drug. Plaintiff's previous diagnosis had included schizophrenia

along with a number of other psychological illnesses. The court, however, held that plaintiff knew of his injury and its cause (neurological damage caused by antipsychotic drug) at least as early as 1977, and the two-year limitation had run before he filed a FTCA suit in 1983. The *Outman* court's reference to misdiagnosis is helpful:

> [A] misdiagnosis injury arises when a condition which could otherwise be treated is misdiagnosed and the result is a worsening of some prior condition.
>
> \*       \*       \*       \*       \*       \*
>
> In appellant's case the alleged misdiagnosis did not lead to the progression of some underlying condition. Assuming that the claim is true and that it was the result of a misdiagnosis that the drugs were prescribed, it was the *affirmative* act of prescribing the drugs which harmed Outman, not any misdiagnosis.

*Outman*, 890 F.2d at 1053 (emphasis in original). *See also Zavala v. United States*, 876 F.2d 780 (9th Cir.1989) (cause of action on behalf of child brain damaged at birth accrued when father knew of cause of brain damage).

The issue here is notice "of the acts constituting negligence." *Outman* at 1053. There is at least an issue of fact as to when plaintiff reasonably should have discovered these acts, which cannot be resolved on defendants' motion to dismiss. It is, therefore, denied.

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

Plaintiff's seeks dismissal of defendants' third affirmative defense, which reads as follows:

> Plaintiff's damages, if any, were caused by the fault or negligence of third parties not within the control of defendants.

Complaint at 4.

Plaintiff's whole cause of action is related to misdiagnosis and failure to treat at the time Emanuel was a seaman in the employ of

---

**2.** *DeCenteno* is a Jones Act case, but the PVA imposes on the United States the same liability as admiralty law imposes on a private ship owner.

defendant. Plaintiff cites to cases holding that a ship owner is liable under the Jones Act for failing to attend to the medical needs of crewmembers or the negligent selection of a shore-side doctor to treat a seaman. *See, e.g., DeCenteno v. Gulf Fleet Crews, Inc.*, 798 F.2d 138, 140 (5th Cir.1986) and cases cited therein.[2]

In opposing this motion, defendants appear to have misunderstood plaintiff's position. Plaintiff is not asking for a determination that agents of the United States were negligent. Moreover, defendants have not attempted to rebut cases cited by plaintiff, nor contest the liability of the United States for any negligent treatment or selection if proved. Rather, defendants' brief refers to several third parties who might be liable— the persons who originally infected Emanuel with cryptococcal meningitis (possibly three years before his death); and the doctors who examined Emanuel before he went aboard the USNS TRIUMPH in April of 1992.

The only case defendants cite to for liability of third parties is *Avery v. United States*, 829 F.2d 817 (9th Cir.1987). That case is not particularly helpful because it concerns the effect of a release of the United States where the United States had brought in third party defendants pursuant to Fed.R.Civ.P. 14(c). The Ninth Circuit in *Avery* held that the release of one tort feasor does not release all joint tort feasors unless specifically provided in the release. *Id.* at 819. Rule 14(c) does, however, imply that the United States could file a third party complaint for contribution. This issue has not been properly briefed by either side.

Therefore, the Court grants plaintiff's motion to the extent outlined in her proposed order:

> Defendant United States is responsible, as a matter of law, for the negligent acts, *if any*, of its agents or the negligent acts of the medical practitioners, *if any*, it selected in the care and treatment of Aurrussus Emanuel.

*Canadian Aviator, Ltd. v. United States*, 324 U.S. 215, 228, 65 S.Ct. 639, 646, 89 L.Ed. 901 (1945).

**464**

Emphasis added. The Court reaches no conclusion on the issues of contribution and indemnification.

In summary, U.S. Marine Management, Inc. is DISMISSED as a defendant; claims brought under the FTCA are DISMISSED; defendants' motion to dismiss on statute of limitation is DENIED; plaintiff's motion to strike is GRANTED to the extent explained above.

The Clerk of the Court is directed to send copies of this Order to all counsel of record.