State of HAWAII, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**No. 99–00746SPK–LEK.**

United States District Court,
D. Hawaii.

April 14, 2000.

Order Amending Order in
Part April 26, 2001.

Warren A. Schneider, U.S. Department of Justice, Torts Branch, Civil Division, San Francisco, CA, Michael Chun, Office of the United States Attorney, Honolulu, HI, John P. Gillmor, Office of the Attorney General—Hawaii, Honolulu, HI.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SAMUEL P. KING, District Judge.

Defendant United States of America ("Defendant") moves to dismiss, or in the alternative, for summary judgment, on this admiralty action brought by Plaintiff State of Hawaii ("Plaintiff"). Plaintiff sued Defendant for damage to its ferry pier caused by an allision with a United States Coast Guard vessel. Defendant argues that the action is barred by the two-year statute of limitations of the Suits in Admiralty Act, 46 U.S.C.App. § 745. Plaintiff claims that the limitations period was equitably tolled. Having heard argument of counsel and reviewed the moving papers and supporting memoranda, the Court GRANTS Defendant's motion.

### I. BACKGROUND

On June 19, 1997, the United States Coast Guard vessel "Rush" ran into and damaged the ferry pier at Barber's Point in Hawaii. The Department of Transportation, Harbors Division, of the State of Hawaii, operates the pier.

The Honolulu Harbor Master's office notified the local Coast Guard command at Sand Island of the incident by letter dated June 24, 1997. On July 23, 1997, the Claims and Litigation Branch of the Coast Guard Maintenance and Logistics Command Pacific ("Command"), the agency that has potential settlement authority, forwarded to Defendant a Standard Form 95 (i.e., a claim form) for Defendant to complete. The Harbor Master then submitted a report of damage inspection to the Command. The Command responded by forwarding another Standard Form 95 to Defendant and brought to Defendant's attention that the Extension of Admiralty Jurisdiction Act, 46 U.S.C.App. § 740, and 33 C.F.R. pt. 25, governed the claim.

Defendant submitted a claim to the Command on November 20, 1998. The parties were unsuccessful in negotiating a settlement, and on August 18, 1999, the Command denied the claim as time-barred. Defendant filed the instant suit on October 27, 1999.

### II. DISCUSSION

As an initial matter, the Court construes Plaintiff's motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure rather than as a motion for dismissal brought pursuant to Rule 12(b)(6). The sole legal issue in this case—whether the limitations period governing Plaintiff's action is equitably tolled—is more appropriately resolved by way of summary judgment because an investigation into matters outside the pleadings is required. The Court may consider matters outside the pleadings in the context of a motion to dismiss filed under Rule 12(b)(1). See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir.1988). However, if a motion to dismiss filed under Rule 12(b)(6) presents matters outside the pleadings, it is treated as a motion for summary judgment. See Fed.R.Civ.P. 12(b).

It is undisputed that the Court has admiralty jurisdiction over Plaintiff's claim pursuant to the Admiralty Jurisdiction Extension Act of 1948 ("AJEA"), 46 U.S.C.App. § 740. That Act provides that "as to any suit against the United States for damage or injury done or consummated on land by a vessel on navigable waters, the Public Vessels Act or Suits in Admiralty Act ... shall constitute the exclusive remedy...." 46 U.S.C.App. § 740. Here, the Suits in Admiralty Act ("SAA"), 46 U.S.C.App. § 741 et seq., is Plaintiff's exclusive remedy.

The limitations period under the SAA is two years. See 46 U.S.C.App. § 745. Although the AJEA provides that

a person may not sue the United States until six months after the person submits an administrative claim to the appropriate federal agency, the limitations period begins running as of the date of injury. *See McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 96 L.Ed. 26 (1951); *Williams v. United States*, 711 F.2d 893, 898 (9th Cir.1983). The filing of an administrative claim does not toll the limitations period. *See Williams*, 711 F.2d 893; *Rashidi v. American President Lines*, 96 F.3d 124, 127 (5th Cir.1996); *Loeber v. Bay Tankers, Inc.*, 924 F.2d 1340, 1343 (5th Cir.1991).

The instant action plainly falls outside the limitations period. Defendant's vessel damaged Plaintiff's pier on June 19, 1997. Plaintiff did not file suit until October 27, 1999, over two years after the incident.

Plaintiff does not dispute the untimeliness of its action. Rather, it contends that the doctrine of equitable tolling saves the action from dismissal. It is unclear whether the SAA limitations period is subject to equitable tolling under the law of this circuit. In *T.J. Falgout Boats, Inc. v. United States*, 508 F.2d 855, 858 (9th Cir.1974), the Ninth Circuit suggested that the limitations period is not subject to equitable tolling. *See also Williams*, 711 F.2d 893. The validity of that holding today, however, is questionable in light of the Supreme Court's decision in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The Court held in *Irwin* that "the same rebuttal presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Id.* at 95–96. Whether the limitations period in a statute waiving sovereign immunity may be equitably tolled thus becomes a question of congressional intent. *See id.* at 96. *Irwin* validates the rule adopted in at least two circuits that the SAA's limitations period is subject to

equitable tolling under certain circumstances. *See McCormick v. United States*, 680 F.2d 345, 351 (5th Cir.1982); *Justice v. United States*, 6 F.3d 1474, 1478 & n. 13 (11th Cir.1993).

The Court need not decide this issue because the circumstances do not satisfy the requirements of equitable tolling even assuming the doctrine applies to the SAA. The Supreme Court in *Irwin* cautioned:

Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin*, 498 U.S. at 96, 111 S.Ct. 453 (footnotes and citation omitted). Thus, equitable tolling is not available for what is, at best, "a garden variety claim of excusable neglect." *Id.*

Under this test, there is no basis for finding that the limitations period in the instant case was ·equitably tolled. Plaintiff alleges that the Command's representations "lulled [Plaintiff] into sleeping on its rights...." According to Plaintiff, Defendant suggested in its correspondence with the State Harbor Master that it would grant the administrative claim upon submission of a figure for damages and appropriate documentation. Plaintiff infers an admission of liability from Defendant's request that Plaintiff complete the Standard Form 95 and determine the damages to the pier.

The correspondence to which Plaintiff refers reveals nothing more than Defendant's intent to engage Plaintiff in settlement negotiations. A desire to settle is

hardly a concession of liability. It certainly is not a reasonable justification for Plaintiff to delay filing suit.

■ Even assuming Defendant's representations constitute admissions, however, equitable tolling remains inapplicable in this case. An admission of liability does not estop Defendant from asserting the statute of limitations as a defense. *See Raziano v. United States*, 999 F.2d 1539, 1542 (11th Cir.1993) (citing *Favorite v. Marine Personnel & Provisioning, Inc.*, 955 F.2d 382, 388–89 (5th Cir.1992)).

■ Most importantly, the record is devoid of any indication that Defendant engaged in trickery, deceit, or misconduct which led Plaintiff to believe that the limitations period was tolled or that filing suit was unnecessary. It is not enough that Defendant did not apprise Plaintiff of the applicable statute of limitations.[1] Plaintiff has the duty to determine what remedies are available to it and then to pursue those remedies in a timely manner. *See Williams*, 711 F.2d at 899. Plaintiff's arguments in favor of equitable tolling amount to "garden variety claim[s] of excusable neglect." *Irwin*, 498 U.S. at 96, 111 S.Ct. 453. There is no justification for applying principles of equitable tolling to excuse the untimeliness of Plaintiff's action.

Defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

*ORDER AMENDING ORDER OF APRIL 14, 2000, AND AMENDED ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

Pursuant to Fed.R.Civ.P. 60(a), the order entered on April 14, 2000, is hereby amended to correct clerical error. On page 2 of that order, lines 7, 8, 10, 14 and 17, substitute "Plaintiff" for "Defendant" (and vice versa). On lines 11 and 19, substitute "Plaintiff's" for "Defendant's" (and vice versa). The amended order reads as follows:

Defendant United States of America ("Defendant") moves to dismiss, or in the alternative, for summary judgment, on this admiralty action brought by Plaintiff State of Hawaii ("Plaintiff"). Plaintiff sued Defendant for damage to its ferry pier caused by an allision with a United States Coast Guard vessel. Defendant argues that the action is barred by the two-year statute of limitations of the Suits in Admiralty Act, 46 U.S.C.App. § 745. Plaintiff claims that the limitations period was equitably tolled. Having heard argument of counsel and reviewed the moving papers and supporting memoranda, the Court GRANTS Defendant's motion.

## I. BACKGROUND

On June 19, 1997, the United States Coast Guard vessel "Rush" ran into and damaged the ferry pier at Barber's Point in Hawaii. The Department of Transportation, Harbors Division, of the State of Hawaii, operates the pier.

The Honolulu Harbor Master's office notified the local Coast Guard command at Sand Island of the incident by letter dated June 24, 1997. On July 23, 1997, the Claims and Litigation Branch of the Coast Guard Maintenance and Logistics Command Pacific ("Command"), the agency that has potential settlement authority, forwarded to Plaintiff a Standard Form 95 (i.e., a claim form) for Plaintiff to complete. The Harbor Master then submitted a report of damage inspection to the Command. The Command responded by forwarding another Standard Form 95 to Plaintiff and brought to Plaintiff's atten-

---

1. In a letter dated September 17, 1997, Defendant did notify Plaintiff of the applicability of the Admiralty Extension of Jurisdiction Act, which incorporates the SAA.

tion that the Extension of Admiralty Jurisdiction Act, 46 U.S.C.App. § 740, and 33 C.F.R. pt. 25, governed the claim.

Plaintiff submitted a claim to the Command on November 20, 1998. The parties were unsuccessful in negotiating a settlement, and on August 18, 1999, the Command denied the claim as time-barred. Plaintiff filed the instant suit on October 27, 1999.

## II. *DISCUSSION*

As an initial matter, the Court construes Defendant's motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure rather than as a motion for dismissal brought pursuant to Rule 12(b)(6). The sole legal issue in this case—whether the limitations period governing Plaintiff's action is equitably tolled—is more appropriately resolved by way of summary judgment because an investigation into matters outside the pleadings is required. The Court may consider matters outside the pleadings in the context of a motion to dismiss filed under Rule 12(b)(1). *See McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir.1988). However, if a motion to dismiss filed under Rule 12(b)(6) presents matters outside the pleadings, it is treated as a motion for summary judgment. *See* Fed.R.Civ.P. 12(b).

It is undisputed that the Court has admiralty jurisdiction over Plaintiff's claim pursuant to the Admiralty Jurisdiction Extension Act of 1948 ("AJEA"), 46 U.S.C.App. § 740. That Act provides that "as to any suit against the United States for damage or injury done or consummated on land by a vessel on navigable waters, the Public Vessels Act or Suits in Admiralty Act ... shall constitute the exclusive remedy...." 46 U.S.C.App. § 740. Here, the Suits in Admiralty Act ("SAA"), 46 U.S.C.App. § 741 *et seq.,* is Plaintiff's exclusive remedy.

The limitations period under the SAA is two years. *See* 46 U.S.C.App. § 745. Although the AJEA provides that a person may not sue the United States until six months after the person submits an administrative claim to the appropriate federal agency, the limitations period begins running as of the date of injury. *See McMahon v. United States,* 342 U.S. 25, 27, 72 S.Ct. 17, 96 L.Ed. 26 (1951); *Williams v. United States,* 711 F.2d 893, 898 (9th Cir. 1983). The filing of an administrative claim does not toll the limitations period. *See Williams,* 711 F.2d 893; *Rashidi v. American President Lines,* 96 F.3d 124, 127 (5th Cir.1996); *Loeber v. Bay Tankers, Inc.,* 924 F.2d 1340, 1343 (5th Cir.1991).

The instant action plainly falls outside the limitations period. Defendant's vessel damaged Plaintiff's pier on June 19, 1997. Plaintiff did not file suit until October 27, 1999, over two years after the incident.

Plaintiff does not dispute the untimeliness of its action. Rather, it contends that the doctrine of equitable tolling saves the action from dismissal. It is unclear whether the SAA limitations period is subject to equitable tolling under the law of this circuit. In *T.J. Falgout Boats, Inc. v. United States,* 508 F.2d 855, 858 (9th Cir.1974), the Ninth Circuit suggested that the limitations period is not subject to equitable tolling. *See also Williams,* 711 F.2d 893. The validity of that holding today, however, is questionable in light of the Supreme Court's decision in *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The Court held in *Irwin* that "the same rebuttal presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Id.* at 95–96, 111 S.Ct. 453. Whether the limitations period in a statute waiving sovereign immunity may be equitably tolled thus becomes a question of congressional intent. *See id.* at 96. *Irwin*

validates the rule adopted in at least two circuits that the SAA's limitations period is subject to equitable tolling under certain circumstances. *See McCormick v. United States,* 680 F.2d 345, 351 (5th Cir.1982); *Justice v. United States,* 6 F.3d 1474, 1478 & n. 13 (11th Cir.1993).

The Court need not decide this issue because the circumstances do not satisfy the requirements of equitable tolling even assuming the doctrine applies to the SAA. The Supreme Court in *Irwin* cautioned:

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin,* 498 U.S. at 96, 111 S.Ct. 453 (footnotes and citation omitted). Thus, equitable tolling is not available for what is, at best, "a garden variety claim of excusable neglect." *Id.*

Under this test, there is no basis for finding that the limitations period in the instant case was equitably tolled. Plaintiff alleges that the Command's representations "lulled [Plaintiff] into sleeping on its rights...." According to Plaintiff, Defendant suggested in its correspondence with the State Harbor Master that it would grant the administrative claim upon submission of a figure for damages and appropriate documentation. Plaintiff infers an admission of liability from Defendant's request that Plaintiff complete the Standard Form 95 and determine the damages to the pier.

The correspondence to which Plaintiff refers reveals nothing more than Defendant's intent to engage Plaintiff in settlement negotiations. A desire to settle is hardly a concession of liability. It certainly is not a reasonable justification for Plaintiff to delay filing suit.

Even assuming Defendant's representations constitute admissions, however, equitable tolling remains inapplicable in this case. An admission of liability does not estop Defendant from asserting the statute of limitations as a defense. *See Raziano v. United States,* 999 F.2d 1539, 1542 (11th Cir.1993) (citing *Favorite v. Marine Personnel & Provisioning, Inc.,* 955 F.2d 382, 388–89 (5th Cir.1992)).

Most importantly, the record is devoid of any indication that Defendant engaged in trickery, deceit, or misconduct which led Plaintiff to believe that the limitations period was tolled or that filing suit was unnecessary. It is not enough that Defendant did not apprise Plaintiff of the applicable statute of limitations.[1] Plaintiff has the duty to determine what remedies are available to it and then to pursue those remedies in a timely manner. *See Williams,* 711 F.2d at 899. Plaintiff's arguments in favor of equitable tolling amount to "garden variety claim[s] of excusable neglect." *Irwin,* 498 U.S. at 96, 111 S.Ct. 453. There is no justification for applying principles of equitable tolling to excuse the untimeliness of Plaintiff's action.

Accordingly, Defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

---

1. In a letter dated September 17, 1997, Defendant did notify Plaintiff of the applicability of the Admiralty Extension of Jurisdiction Act, which incorporates the SAA.